IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WANDA HENRY,

    Plaintiff,

v.                                                          Civ. No. 05-1070 MV/RLP

ADDUS HEALTHCARE, INC.,
an Illinois Corporation, licensed
to do business in New Mexico, *et al.*,

    Defendants.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Plaintiff's Motion to Extend the Deadline in Which to Submit her Expert Witness Report. Plaintiff asserts that a 45-day extension is needed because not all of Plaintiff's medical records had been received from all Defendants. Defendants object, citing delays on Plaintiff's part, etc.

The report was due July 25, 2006, the day the Motion was filed. A 45-day extension would mean the report is due September 8, 2006. The Tenth Circuit Court of Appeals has set forth a four-part test to determine whether to allow untimely reports:

> (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such evidence would disrupt the trial; and (4) the moving party's bad faith or wilfulness.

*Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (internal quotation marks and citation omitted).

Defendants' primary complaint against Plaintiff is her lack of diligence in securing an expert. They claim prejudice in that the settlement conference for this case is set for

September 16 and if the expert's report is not received until September 8, they will have little time to prepare for that conference. The court finds that this is not a sufficient showing of prejudice: preparation for a settlement conference is not the same as preparation for trial. There is no indication that the lateness of the expert's report will disrupt the trial. Accordingly, factors (1), (2), and (3) are not as issue here.

As for Plaintiff's bad faith or wilfulness, the parties advance differing arguments as to who delayed with obtaining the medical releases. It does appear as if Plaintiff was dilatory in looking for an expert and took a large risk in filing a motion for an extension of time the day the report was due. If this motion were denied, Plaintiff could not go forward with her medical malpractice claim due to her failure to obtain an expert to testify as to the standard of care. Nevertheless, evaluating all of the *Jacobsen* factors, Plaintiff's conduct falls short of the wilfulness or bad faith standard and Defendants have failed to show they will be prejudiced in any meaningful way.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Extend Deadline [Doc. 38] is granted; and

IT IS FURTHER ORDERED that Plaintiff shall have until September 8, 2006 to submit her report.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge